UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY VIKLUND, individually and on behalf of her minor child, T.V., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, LATIA RAY, KIMBERLY ATCHLEY, DAN SCHNEIDER, JENNIFER STRUS, and DEFENDANTS JANE DOES I-IX, <br><br> Defendants. | NO. 2:18-cv-00240-RAJ <br><br> ORDER GRANTING DSHS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Washington State Department of Social and Health Services' (DSHS) Motion for Protective Order (Motion). Dkt. # 15. Plaintiff has not opposed this motion, and DSHS' motion indicates that Counsel for Plaintiffs "have reviewed this motion, and agree to these documents being filed and considered by this Court." *Id.* at 3.

Accordingly, the Court considers Plaintiffs lack of response and potential affirmative response as "an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). The Court has also substantively reviewed DSHS' motion and agrees that a protective order is warranted in this matter to ensure the confidentiality of certain

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1 information and records. The Court believes that DSHS has shown good cause for a protective order under Fed. R. Civ. P. 26(c)(1).

Accordingly, the Court **GRANTS** Motion for Protective Order. Dkt. # 15. The Court hereby orders the following Protective Order in this matter:

1. <u>PURPOSES AND LIMITATIONS</u> Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Court enters this Protective Order. The parties acknowledge that this Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

2. <u>CONFERENCE OF PARTIES</u> The parties conferred about the need for a protective order as required by Fed. R. Civ. P. 26(c)(1) and LCR 26(c)(1).

3. <u>NEED FOR PRODUCTION</u> The parties' need for production of privileged and confidential information and records outweighs any reason for maintaining the privacy and confidentiality of those records.

4. <u>"CONFIDENTIAL" MATERIAL</u> "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

　　A. Amy Viklund's Children's Administration files;

　　B. T.V.'s Placement History file;

　　C. Master Assignment History file;

　　D. Licensing files of former foster parents of T.V., including James Conery, San Yun, Teresa Curtis, and Quinn Flanegan (aka Quinn Evants);

　　E. Files for foster homes where T.V. resided;

　　F. Children's Administration files of Cathy Knoth;

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

G. Non-privileged e-mails related to this matter; and

H. Any further documents provided by the above-named Defendants to Plaintiff in this matter that are not currently identified and/or requested that may be relevant to this matter.

5. DSHS shall produce copies of the above-listed confidential materials without redacting the following:

   A. The names and personal information, to include medical, psychological, alcohol and chemical dependency treatment, sex offender status, and any related CPS referrals and/or law enforcement contacts of the following:

      i. Cathy Knoth, Plaintiff Amy Viklund's biological mother;
      ii. Bradley Knoth, Plaintiff Amy Viklund's stepfather;
      iii. B.K.(1), Plaintiff's stepbrother; and
      iv. B.K.(2), Plaintiff's stepbrother.

   B. Personal information of foster parents.

   C. The names of mandatory reporters listed in CPS referrals.

   D. A privilege log will be included in all productions noting documents redacted or withheld and the reasons therefore. No privilege log will be required for withholding the names, personal identifying information, and social security numbers of non-party minors and non-party adults.

6. The above-listed records shall be redacted consistent with Wash. Rev. Code 42.56, other applicable statutes, and federal rules, with redactions to include but not be limited to: all social security numbers, driver's license numbers, and financial account information; and information and records covered by attorney-client privilege/work product.

7. <u>SCOPE</u> The protections conferred by this Protective Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

their counsel that might reveal confidential material. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

8. <u>Basic Principles</u> A receiving party may use confidential material disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

9. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

> (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;
>
> (b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;
>
> (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
>
> (d) the court, court personnel, and court reporters and their staff;
>
> (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

10. <u>Filing Confidential Material</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

DESIGNATING PROTECTED MATERIAL

11. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

12. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, *e.g.*, paragraph 13 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

13. <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must indicate which documents are confidential.

14. <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

15. <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

16. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

# CHALLENGING CONFIDENTIALITY DESIGNATIONS

17. <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

18. <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

19. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

20. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u> If a party is served with a subpoena or a court

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

21. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u> If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

22. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u> When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for

ORDER GRANTING DSHS' MOTION FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

23. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u> Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

24. A copy of this Protective Order shall accompany each copy of information or records protected by this Protective Order released to any parties' experts. No attorney or expert shall disclose any information gained or derived from the aforementioned information or records to anyone without further order of the Court unless the person to whom the information is disclosed is otherwise entitled to obtain said information pursuant to this Protective Order or to statutory exemptions from confidentiality.

25. This Protective Order shall remain in full force and effect until such time as this Court modifies its terms or releases the parties from its provisions.

Dated this 31st day of July, 2018.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING DSHS' MOTION
FOR PROTECTIVE ORDER
NO. 2:18-cv-00240-RAJ

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352